[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

No. 09-16107
Non-Argument Calendar

_____

D. C. Docket No. 09-20692-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ARMANDO RODRIGUEZ-LEMOS,
a.k.a. Jose Martinez,
a.k.a. Carlos Rodriguez,
a.k.a. Carlos Armando Rodriguez-Lemus,
a.k.a. Hose Manuel Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2010)

Before TJOFLAT, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Carlos Armando Rodriguez-Lemos pled guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the district court sentenced him to prison for a term of 30 months, a sentence at the high end of the Guidelines sentencing range of 24 to 30 months' imprisonment. He now appeals his sentence, arguing that it is both procedurally and substantively unreasonable. We affirm.

We review a defendant's sentence for reasonableness, *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008), under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). In reviewing a sentence, we first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines [sentencing] range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 46, 128 S.Ct. at 594. Section 3553(a) requires the district court to consider (1) the applicable Guidelines sentencing range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) the need to protect the public from further crimes of the defendant; (7) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner; and (8) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

Once we conclude that the district court made no procedural errors, we consider "the substantive reasonableness of the sentence" under the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The district court should have imposed a sentence that was "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2). 18 U.S.C. § 3553(a)(2). "The weight to be accorded any given § 3553(a) [purpose] is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1322 (quotation omitted).

In reviewing a sentence for reasonableness, we may apply a presumption of reasonableness to a sentence imposed within the Guidelines sentencing range. *Rita v. United States*, 551 U.S. 338, 347, 127 S.Ct. 2456, 2462, 168 L. Ed.2d 203 (2005). That is, we "ordinarily . . . expect a sentence within the guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

We find no procedural errors in the imposition of Rodriguez-Lemos's sentence in this case. Moreover, we find no abuse of its discretion in the imposition of a sentence at the high end of the Guidelines sentencing range because the court properly considered the § 3553(a) factors in fashioning the sentence. In short, the sentence in this case is not unreasonable.

AFFIRMED.